Filed 1/2/24  P. v. Loyd CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081564 |
| v. | (Super.Ct.No. CR50817) |
| LAMAR EUGENE LOYD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Lamar Eugene Loyd, in pro. per.; and Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Lamar Eugene Loyd appeals the Riverside County Superior Court's denial of his Penal Code section 1172.6 petition for resentencing.[1] We will affirm.

## BACKGROUND[2]

In 1994, a jury convicted defendant of first degree murder (§ 187) and found true the allegation that he personally used a handgun in the commission of the crime (§ 12022.5, subd. (a)). The court sentenced him to a five-year term for the gun enhancement, to run consecutive to a term of 25 years to life for the murder. Defendant appealed, and we affirmed the judgment. (*People v. Loyd*, *supra*, E015314.)

In June 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court set a status conference and appointed counsel for defendant. At the May 2023 prima facie hearing on the petition, the People and defendant's counsel represented they had reviewed the jury instructions and agreed that no instruction had been given on the theory of felony murder, the natural and probable consequences doctrine, or aiding and abetting. The court denied the petition. Defendant timely noticed this appeal from the denial.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

[2] On the court's own motion, we take judicial notice of our prior opinion from defendant's appeal of his original judgment. (*People v. Loyd* (May 15, 1996, E015314) [nonpub. opn.].)

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions.  The brief states counsel considered the following issues:  (i) whether the trial court erred when it denied the petition without first making an affirmative statement that it had reviewed the instructions given to the jury; and, (ii) whether an issue is presented on account of the court making its decision immediately after counsel for the People remarked, "Not that it matters, but the defendant testified that he shot the defendant [*sic*] in self-defense?"

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue and that this court is not required to conduct an independent review of the record but may exercise its discretion to do so. We also invited defendant to file a supplemental brief with any arguments he deemed necessary.

In response to our invitation, defendant filed a supplemental brief setting forth an abbreviated history of section 1172.6 and recital of case law relating to the interpretation of the terms "major participant" and "reckless indifference to human life."  To the extent defendant's discussion is intended to set forth a claim that his section 1172.6 petition was improperly denied because the jury did not have the benefit of the Supreme Court's

clarification of those terms in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, we are not persuaded. Those cases involved defendants who were not actual killers of their victims but were tried and convicted on the theory that they, with reckless indifference to human life and as major participants, aided and abetted in the commission of a felony that resulted in a person's death. (*Banks*, at pp. 794, 807-811; *Clark*, at pp. 535, 601.) Here, there is nothing in the record to suggest that defendant was tried and convicted on any theory other than he was the actual killer.

### DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

MENETREZ
J.

4